# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 25, 2021

```
*  *  *  *  *  *  *  *  *  *  *  *  *
E.A.C,                              *       UNPUBLISHED
                                    *
            Petitioner,             *       No. 18-819V
                                    *
      v.                            *       Special Master Dorsey
                                    *
SECRETARY OF HEALTH                 *       Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

Nancy R. Meyers, Turning Point Litigation, Greensboro, NC, for petitioner.
Zoe Wade, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 11, 2018, E.A.C ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that he suffered chronic inflammatory demyelinating polyneuropathy ("CIPD") as the result of an influenza ("flu") vaccination he received on October 2, 2015. Petition at Preamble (ECF No. 1).

On December 30, 2020, petitioner filed a motion for interim attorney's fees and costs, requesting compensation for the attorney who worked on his case. Petitioner's Motion for

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Interim Attorney's Fees and Costs ("Pet. Mot."), filed Dec. 30, 2020 (ECF No. 57). Petitioner's request can be summarized as follows:

**Attorney's Fees** – $55,834.00
**Attorney's Costs** – $17,161.11
**Petitioner's Costs** – $4,000.00

Petitioner thus requests a total of $76,995.11. Respondent filed his response on January 4, 2021, stating that he "respectfully recommends that the Special Master exercise discretion and determine a reasonable award." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Jan. 4, 2021, at 4 (ECF No. 58). Petitioner filed a reply the same day. Pet. Reply, filed Jan. 4, 2021 (ECF No. 59).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and awards **$74,203.41** in attorney's fees and costs.

## I.      DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorney's fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorney's fees and costs is appropriate here where there are significant expert fees to be paid.

### A.      Reasonable Attorney's Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorney and paralegals who worked on this matter:

**Nancy Meyers – Attorney**
    2016: $350.00
    2017: $350.00
    2018: $375.00
    2019: $390.00
    2020: $400.00

**Paralegals**
    2016-2019: $145.00
    2020: $150.00

The undersigned finds that the requested rates are reasonable and in accordance with what Ms. Meyers has previously been awarded for her Vaccine Program work. See, e.g., Gorczyca v. Sec'y of Health & Hum. Servs., No. 18-1284V, 2020 WL 7238480, at *2 (Fed. Cl. Spec. Mstr. Nov. 6, 2020); Berlin v. Sec'y of Health & Hum. Servs., No. 18-893V, 2020 WL 1896711 (Fed. Cl. Spec. Mstr. Mar. 16, 2020); Kelleher v. Sec'y of Health & Hum. Servs., No. 16-1307V, 2020 WL 4664819, at *2 (Fed. Cl. Spec. Mstr. June 30, 2020); Trollinger v. Sec'y of Health & Hum. Servs., No. 16-473V, 2019 WL 7565466, at *2 (Fed. Cl. Spec. Mstr. Oct. 31, 2019). The undersigned will therefore award the rates requested.

Petitioner also requests hourly rates of $145.00 and $150.00 per hour for work done by paralegals from 2016 to 2020. These rates are consistent with such work previously awarded in the Program. See, e.g., Trollinger, 2019 WL 7565466, at *2; Kelleher, 2020 WL 4664819, at *2. Therefore, the undersigned will award the rates requested.

Petitioner's counsel requests compensation for 4.3 hours for 2016, 32.1 hours for 2017, 15 hours for 2018, 54.6 hours for 2019, and 112.6 hours for 2020. Pet. Mot., Ex. 1; Pet. Mot., Ex. 3. However, upon review of Ms. Meyers' fees request, the undersigned observed a number of entries related to administrative tasks, and paralegal work billed at an attorney's rate. Billing for administrative tasks, even at a paralegal rate, is not permitted. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); see also Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing "reviewing invoices, setting up meetings, and making travel arrangements" as examples of administrative tasks). Some examples of Ms. Meyers' billed administrative tasks are as follows: November 30, 2020, "file expert report and updated exhibit list"; October 20, 2020, "file motion for redaction"; February 14, 2020, "Receipt, download and review SM Dorsey's Order . . . calendar deadlines"; July 29, 2019, "Receipt and review invoice and time entries of our expert."

Additionally, the undersigned notes a number of instances of double billing between Ms. Meyers and her paralegals. See Van Vessem v. Sec'y of Health & Hum. Servs., No. 11-132V, 2018 WL 3989517, at *7 (Fed. Cl. Spec. Mstr. July 3, 2018) (finding that "it is not reasonable for both an attorney and a paralegal to bill for reviewing each filing in the case"). Some examples of Ms. Meyers' double billing are as follows: March 12-13, 2019, both attorney and paralegal review the Court's Order; March 27, 2019, both attorney and paralegal charge for reviewing emails to and from the Court; April 2, 2019, both the attorney and paralegal charge for preparing for and attending the status conference.

For the reasons stated above, the undersigned will decrease the requested attorney's fees by 5%. This results in a reduction of $2,791.70.

### B.    Attorney's Costs

#### 1.    Expert Fees

Petitioner requests $16,000.00 for work performed by Dr. Norman Latov, which was a total of 28 hours, billed at an hourly rate of $500.00. Pet. Mot., Ex. 2 at 14-17.

The undersigned and other special masters have previously found it reasonable to compensate Dr. Latov at this rate. See, e.g., Sarver v. Sec'y of Health & Hum. Servs., No. 15-1207V, 2019 WL 3856864, at *3 (Fed. Cl. Spec. Mstr. July 22, 2019); Stepp v. Sec'y of Health & Hum. Servs., No. 14-851V, 2018 WL 793426, at *2 (Fed. Cl. Spec. Mstr. Jan. 2, 2018). The undersigned finds Dr. Latov's rate and time spent working on this case reasonable and compensates him in full.

### 2. Miscellaneous Costs

Petitioner requests $1,161.11 to cover his attorney's other miscellaneous expenses, including medical records, Fed Ex costs, the filing fee, hearing transcript, and other expenses. Pet. Mot., Exs. 1-3. The undersigned finds these costs reasonable and well-documented, and awards them in full.[3]

### C. Petitioner's Costs

Petitioner requests $4,000.00 to cover expenses to Dr. Latov. Pet. Mot., Ex. 4 at 2-3. The undersigned finds these costs reasonable and well-documented, and awards them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and counsel as follows:

| | |
|---|---|
| Requested Attorney's Fees: | $ 55,834.00 |
| Reduction of Attorney's Fees: | - ($2,791.70) |
| Awarded Attorney's Fees: | $ 53,042.30 |
| | |
| Requested Attorney's Costs: | $ 17,161.11 |
| Awarded Attorney's Costs: | $ 17,161.11 |
| | |
| Petitioner's Costs | $ 4,000.00 |
| Awarded Petitioner's Costs | $ 4,000.00 |
| | |
| **Total Interim Attorney's Fees and Costs:** | **$ 74,203.41** |

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $70,203.41, representing reimbursement for reasonable interim attorney's fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ms. Nancy Meyers.**

**(2) A lump sum in the amount of $4,000.00, representing reimbursement for reasonable costs, in the form of a check payable to petitioner**

---

[3] Petitioner did not provide full documentation of all expenses, specifically: (1) $0.96 postage service; (2) $16.50 photocopies; and (3) $9.97 online legal research. All invoices should be provided in future filings.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.